IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.:<br>) |
| v. | ) **COMPLAINT**<br>) **JURY TRIAL DEMAND** |
| CRAZY HORSE STEAKHOUSE SALOON & INN | )<br>)<br>) |
| Defendant. | )<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex and to provide appropriate relief to Elisha-Kay Markle ("Ms. Markle"), a female, and a class of similarly situated female employees (the "class") who were adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that during their

employment, Ms. Markle and the class of similarly situated females were subjected to sexual harassment through constant sexually offensive comments, innuendo and inappropriate touching, all of which created a sexually hostile and offensive work environment for them as females. The Commission alleges that although these female employees objected to and complained to Defendant about such conduct, no remedial action was undertaken by Defendant to prevent and/or stop the sexual harassment. As a result of the sexual harassment, Ms. Markle and the class of similarly situated females suffered severe emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §19981 A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States for the Middle District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the

administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. At all relevant times, Defendant, Crazy Horse Steak House & Saloon ("Crazy Horse"), has been and is now doing business in the Commonwealth of Pennsylvania and the City of New Oxford and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Elisha-Kay Markle filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2004, Defendant Employer has engaged in unlawful employment practices at its New Oxford, Pennsylvania facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Elisha-Kay Markle and a class of similarly situated females to a sexually hostile and offensive work environment based upon incidents which include, but are not limited

to, the following:

(a) Elisha-Kay Markle began working for Defendant Crazy Horse as a Bartender on or about November 30, 2004 at its New Oxford, PA location.

(b) Ms. Markle and the class of similarly situated females were regularly subjected to a campaign of sexually harassing conduct and a hostile work environment created by Defendant Crazy Horse's owner, Nicholas Mavros ("Mavros"), which consisted of sexually offensive comments, innuendo and inappropriate touching.

(c) Much of Mr. Mavros' sexually harassing conduct included asking female employees to "make their breasts bounce", asking them to "pull out [their] boobs," calling Ms. Markle his "big breasted bartender" and unsnapping her pants, commenting about female employees' buttocks, inquiring about the color of the female employees' underwear, asking the female employees to go to a motel in order to have sex, unwelcome touching of the female employees' body parts and sticking his hand down the pants of a female employee.

(d) As a result of Mr. Mavros' repeated sexually harassing behavior, Ms. Markle and at least one class member complained to Defendant's Manager, Brooke Bevenour, on numerous occasions to report Mr. Mavros' inappropriate conduct. However, no effective remedial action was taken and Mr. Mavros' behavior continued.

(e) During the relevant time period, Defendant Crazy Horse did not have a sexual harassment policy in place.

8. The effect of the practices complained of in paragraphs 7 (a) through (e) above has been to deprive Elisha-Kay Markle, a female employee, and a class of similarly situated female employees, of an harassment free work environment, equal employment opportunities and otherwise adversely affects their status as employees because of their sex.

9. The acts complained of in paragraphs 7 (a) through (e) above were intentional and malicious.

10. The unlawful employment practices complained of in paragraphs 7 (a) through (e) above were done with reckless indifference to the federally protected rights of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which

provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

    C.   Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

    D.  Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

    E.  Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

    F.  Order Defendant Employer to make whole Elisha-Kay Markle, and a class of similarly situated females, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 (a) through (e) above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

    G.  Order Defendant Employer to make whole Elisha-Kay Markle, and a class of similarly situated females, by providing compensation for past and future

nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (e) above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

H. Order Defendant Employer to pay Elisha-Kay Markle, and a class of similarly situated females, punitive damages for its malicious and reckless conduct described in paragraphs 7 (a) through (e) above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public

interest.

J. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                               RONALD S. COOPER
                               General Counsel

                               JAMES L. LEE
                               Deputy General Counsel

                               GWENDOLYN YOUNG REAMS
                               Associate General Counsel
                               U.S. EQUAL EMPLOYMENT
                               OPPORTUNITY COMMISSION
                               1801 L. Street, NW
                               Washington, DC 20507

                               */s/ Jacqueline H. McNair*
                               JACQUELINE H. MCNAIR
                               Regional Attorney

                               */s/ Judith A. O'Boyle*
                               JUDITH A. O'BOYLE
                               Supervisory Trial Attorney

                               */s/ Stephanie Marino*
                               STEPHANIE MARINO
                               Trial Attorney
                               ID No.: PA 77752
                               stephanie.marino@eeoc.gov
                               EQUAL EMPLOYMENT
                               OPPORTUNITY COMMISSION
                               Philadelphia District Office
                               The Bourse Building
                               21 S. 5th Street, Suite 400
                               Philadelphia, PA 19106
                               Telephone: (215) 440-2841
                               Facsimile: (215) 440-2848